UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
EVA KRAVAR,                                        :    06 Civ. 7858 (RJH)
                                                   :
                    Petitioner,                    :
                                                   :    **MEMORANDUM**
         - against -                               :    **OPINION AND ORDER**
                                                   :
TRIANGLE SERVICES, INC.,                           :
                                                   :
                    Respondent.                    :
                                                   :
---------------------------------------------------------------x

Plaintiff Eva Kravar brings this action for discrimination based on national origin and disability against her employer Triangle Services, Inc. ("Triangle"), pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (2006), the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112, 12203 (2006), and New York City Human Rights Law, N.Y. Admin. Code §8–107 (2006), seeking reinstatement of her former employment position, monetary damages, and other relief. By notice of motion dated May 11, 2007, defendant Triangle moved to dismiss the Amended Complaint or, in the alternative, to stay the action on the grounds that pursuant to a collective bargaining agreement (the "CBA") entered into by Triangle and plaintiff's union, the Services Employees International, Local 32BJ, AFL-CIO, an arbitration proceeding is the "sole and exclusive remedy" available to plaintiff. For the reasons that follow, the motion is DENIED.

**DISCUSSION**

The issue presented by defendant's motion is whether, as a member of Local 32BJ, plaintiff has waived her right to bring discrimination claims based on national origin and disability in federal court under Title VII, the ADA, and state law.  The Supreme Court held in *Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1974), that a CBA cannot waive an employee's right to bring a Title VII claim in federal court.  *Id.* at 51.  Relying in part on *Alexander*, the Second Circuit in *Rogers v. New York University*, 220 F.3d 73 (2d Cir. 2000), upheld a district court ruling that a union-negotiated arbitration clause purporting to waive plaintiff's right to bring a discrimination claim in federal court under the ADA was unenforceable.  *Id.* at 75.  The continuing validity of these rulings in light of more recent Supreme Court holdings was recently reaffirmed by the Second Circuit in *Pyett v. Pennsylvania Building Company, et al*, No. 06 Civ. 3047, 2007 U.S. App. LEXIS 18242 (2d Cir. Aug. 1, 2007).  *See also Beljakovic v. Melohn Properties, Inc.*, No. 04 Civ. 3694 (RJH), 2005 U.S. Dist. LEXIS 24915, at *15 (S.D.N.Y. Oct. 17, 2005).  Therefore, the Court holds that the union-negotiated CBA mandating arbitration of plaintiff's claims of discrimination under Title VII and the ADA is unenforceable.

Plaintiff in this action has also brought claims under the New York City Human Rights Law.  Defendant argues that this non-federal claim is arbitrable because state law, not federal law should govern the enforceability of arbitration agreements as to state claims, and "[u]nlike the federal courts, the [New York] state courts have already held that such arbitration clauses are clearly enforceable against these *state* claims."  (Aff. in Support of Motion to Dismiss the Complaint and/or Compel Arbitration ¶ 14, citing

*Garcia v. Bellmarc Prop. Mgmt.*, 745 N.Y.S.2d 13 (N.Y. App. Div. 2002) (holding that the CBA entered into by defendant and plaintiff's union waiving employee's right to bring age discrimination claim pursuant to state statute in a judicial forum was enforceable)). Besides the patent inefficiency of allowing federal discrimination claims to proceed in federal court while requiring plaintiff to arbitrate analogous state discrimination claims, such a result is foreclosed by rulings of the Second Circuit.

In both *Rogers* and *Pyett*, the Second Circuit affirmed rulings that a union-negotiated CBA that waived plaintiff's right to pursue statutory claims in a judicial forum was unenforceable with respect to plaintiff's claims brought under *both* federal laws and analogous state and city discrimination laws, drawing no distinction between the statutory source of the rights. The affirmed lower court decision in *Pyett* relied on reasoning set forth in *Granados v. Harvard Maintenance, Inc.*, No. 05 Civ. 5489 (NRB), 2006 U.S. Dist. LEXIS 6918, at *20–*23 (S.D.N.Y. Feb. 22, 2006), which unambiguously held that state statutory claims that mirror non-arbitrable federal claims are similarly non-arbitrable. *Pyett v. Pennsylvania Bldg. Co.*, No. 04 Civ. 7536 (NRB), 2006 U.S. Dist. LEXIS 35952, at *11–*12 (S.D.N.Y. June 1, 2006). The court in *Granados* reasoned that where the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, applies, "federal law controls the analysis of whether the arbitration provision is enforceable against plaintiff's state statutory claims." 2006 U.S. Dist. LEXIS 6918, at *19; *see also Fletcher v. Kiddler, Peabody, & Co.*, 601 N.Y.S.2d 686, 689 (N.Y. 1993) ("[I]n situations where the FAA is applicable, it preempts State law on the subject of the enforceability of arbitration clauses."). Therefore, the Court holds that the union-negotiated CBA mandating

arbitration of plaintiff's claims of discrimination under the New York City Human Rights Law is likewise unenforceable.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the Amended Complaint or for a stay [11] is DENIED.

Dated: New York, New York
September 17, 2007

                                                            Richard J. Holwell
                                                        United States District Judge

4